UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS OLISKY, | * |
| Plaintiff, | * |
| v. | * |
| | * Civil Action No. 14-30168-MGM |
| TOWN OF EAST LONGMEADOW, | * |
| TOWN OF EAST LONGMEADOW | * |
| DEPARTMENT OF PUBLIC WORKS, | * |
| TOWN OF EAST LONGMEADOW BOARD | * |
| OF PUBLIC WORKS, DAVID GROMASKI, | * |
| DOUGLAS MELLIS, JOHN COLLINS, | * |
| TOWN OF EAST LONGMEADOW | * |
| BOARD OF SELECTMEN, NICHOLAS | * |
| BREAULT and JAMES DRISCOLL, | * |
| Defendants. | * |

MEMORANDUM AND ORDER REGARDING DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND
MOTION TO DISMISS FOR INSUFFICIENT SERVICES OF PROCESS
(Dkt. Nos. 13 and 34)

May 21, 2015

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

Dennis Olisky ("Plaintiff") brings this action[1] against Defendants, Town of East Longmeadow ("TEL"), Town of East Longmeadow Department of Public Works ("DPW"), Town of East Longmeadow Board of Public Works, David Gromaski, Douglas Mellis, John Collins, Town of East Longmeadow Board of Selectmen, Nicholas Breault, and James Driscoll (collectively "Defendants"). He alleges Defendants violated his civil rights under 42 U.S.C. § 1983, as well as his Article I, § 10 right to be free from legislatively-imposed interference with an existing contract, and

---

[1] This complaint was originally filed in Hampden County Superior Court on June 5, 2014. (Dkt. No. 4, Exh. B, Original Complaint.) On September 23, 2014, Defendants removed this case to federal court, pursuant to 28 U.S.C. § 1441, et seq., due to its federal claims. (Dkt. No. 3, Notice of Removal.)

he alleged the municipal Defendants "maintained an unconstitutional municipal custom or policy" which caused others to violate those civil rights. (Dkt. No. 28, Amended Complaint ("Compl.").) Plaintiff also brought several claims under state law, requesting the court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (Id.) James Driscoll filed a motion to dismiss for failure to state a claim and for insufficient service of process on October 8, 2014. (Dkt. No. 13.) The remaining Defendants subsequently filed a motion to dismiss for failure to state a claim on January 30, 2015.[2] (Dkt. No. 34.) Plaintiff opposed both of these motions on March 2, 2015. (Dkt. Nos. 41, 42.)

For the following reasons, the court grants Defendants' motion to dismiss Plaintiff's federal claims for failure to state a claim upon which relief can be granted. The court also declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. The court need not rule on James Driscoll's motion to dismiss for insufficient service of process.

## II. PLAINTIFF'S FACTUAL ALLEGATIONS PERTINENT TO THE COURT'S RULING

### A. Generator Incident at DPW

Plaintiff is a former employee of DPW. (Compl. ¶ 1.) On June 1, 2011, while Plaintiff was employed by DPW, the Town of East Longmeadow lost power in the late afternoon due to a nearby tornado at a point when DPW employees had already gone home for the day. (Id. ¶ 11). On June 2, 2011, John Collins, the DPW Supervisor, orally informed a group of workers, which did not include Plaintiff, that they were not permitted to borrow any equipment because of the tornado. (Id. ¶ 12.) A different DPW supervisor, Roy Esposito, noticed that a generator was missing that afternoon, and he called Plaintiff to inquire about its whereabouts. (Id. ¶ 12.) Plaintiff informed Mr. Esposito that

---

[2] James Driscoll was included in this subsequent motion, as well. (See Dkt. No. 34.)

he did not know where the generator was, and suggested calling another employee.[3] (Id. ¶ 12.) At the time he suggested that Mr. Esposito call the other employee, Plaintiff knew this employee had borrowed the generator in question. (Id. ¶ 14, 16.)

Mr. Esposito found the generator on the DPW campus that same day, several hours after he called Plaintiff to inquire about it. (Id. ¶ 16.) On June 8, 2011, the employee who had taken the generator informed Mr. Esposito that Plaintiff was not involved its disappearance. (Id. ¶ 20.) DPW held a hearing on June 9, 2011, in which Plaintiff was asked to give a written statement about the incident. (Id. ¶ 21.) Plaintiff states he did not "admit[] to any dishonesty or any egregious such cover up as falsely alleged by defendants." (Id.) On June 14, 2011, Defendant David Gromaski notified Plaintiff of a DPW Board disciplinary hearing regarding Plaintiff's role in the generator incident. (Id. ¶ 22.) Following this hearing, Plaintiff resigned on June 24, 2011, having "admitted to no wrongdoing." (Id. ¶ 23.)

On July 1, 2011, Plaintiff attempted to withdraw his resignation, and he filed a "complaint/grievance both through union legal counsel and individually with Defendant David Gromaski, which claimed in part wrongful termination, misrepresentation and discriminatory retaliation." (Id. ¶ 24.) To Plaintiff's knowledge, Mr. Gromanski "did not accept the complaint or investigate the complaint" before writing to Plaintiff "denying his grievance, without any hearing, citing patently false, inconsistent and inaccurate allegations of [P]laintiff's lying and covering up his activities." (Id.)

**B. Plaintiff's "Bypass" for Town of East Longmeadow Police Officer Position**

---

[3] Plaintiff also "avers it is undisputed that DPW workers/employees and managers . . . borrow[ed] DPW equipment all the time, such as pole saws, weed whackers, chain saws, and . . . that there was an unwritten rule to clear it with your supervisor . . . but 'people usually ask and everything is fine.'" (Compl. ¶ 24.)

Due to retirements and promotions, two vacancies for Town of East Longmeadow Police Officer positions arose in 2012. (Id. ¶ 30.) Plaintiff took the civil service examination and was invited to interview for the Police Officer position. (Id. ¶ 31.) Plaintiff was then informed that he would be receiving a final interview for the position. (Id. ¶ 32.)

On November 26, 2012, Defendant David Gromaski sent to Defendant Douglas Mellis "an 18 page packet of information concerning [P]laintiff's 2011 resignation . . . containing knowingly materially false allegations of [P]laintiff's alleged dishonesty and his intent to cover up the whereabouts of the generator, which have been proven false and admitted to as being inconsistent, inaccurate, and untrue by defendants' own employees." (Id. ¶ 34.) As a result, on November 26, 2012, Mr. Mellis "called [P]laintiff into his office in the afternoon and informed him that he was being bypassed due to acts of dishonesty stemming from the . . . generator incident." (Id. ¶ 35). Plaintiff explains in his complaint that, while the Board of Selectmen (the body with appointing authority for all positions in the Town of East Longmeadow Police Department) typically has three members, only two members were serving on the occasion when his bypass was solidified. (Id. ¶ 38).

In 2012, Plaintiff again sought an appointment for the Town of East Longmeadow Police Department, but he was again bypassed for the same reasons. (Id. ¶ 41). On September 19, 2013, Plaintiff's counsel filed a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") at the Worcester City Hall Office. (Id. ¶ 44). On February 3, 2014, Plaintiff withdrew his MCAD complaint and filed a "private right of action in state court." (Id. ¶ 44.)

### III.  STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, a complaint must allege facts that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the factual allegations in the complaint must "nudge[] [the] claims across the line from conceivable to plausible." Id. at 570. A claim has facial plausibility when the plaintiff pleads factual content that

4

allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief" is a context-specific task, requiring "the reviewing court to draw on its judicial experience and common sense." Id. at 679.

Courts are not required to accept as true allegations in a complaint that are legal conclusions. Id. at 678. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. Therefore, in assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory factual allegations as true, and draw any reasonable inferences in favor of the plaintiff. See San Gerónimo Caribe Project, Inc. v. Acevedo-Vilá, 687 F.3d 465, 471 (1st Cir. 2012).

## IV. ANALYSIS

### A. Federal Claims

Plaintiff asserts claims under 42 U.S.C. § 1983 for Defendants' alleged violation of his rights under the First, Fourth, Fifth, Sixth, and Fourteenth amendments of the Constitution due to "unreasonable government intrusion and interference with plaintiff's privacy rights, violation of his Miranda rights, confrontation rights, double jeopardy rights, free speech rights, and rights to a trial prior to receiving any punishment and/or a fair hearing before receiving any material [sic.] adverse employment event." (Compl. ¶ 77.) Plaintiff also asserts a § 1983 claim for Defendants' breach of contract under Article I, § 10. (See id. ¶¶ 55-57; Pl. Mem. Opposing Defendants' Mo. to Dismiss 24 ("Pltf. Mem.").) Finally, Plaintiff claims that the municipal Defendants encouraged certain individuals to deprive him of his constitutional civil rights ("Monell Claim"). (Compl. ¶¶ 82-84.) See Monell v. Dep't of Soc. Servs 436 U.S. 658, 692 (1978).

(1) Fifth Amendment

At the outset, even assuming, arguendo, that Plaintiff were able to sufficiently plead a violation of his right to Procedural or Substantive Due Process, his remedy would result from 42 U.S.C. § 1983 claims pertaining to the Fourteenth, and not the Fifth, amendment. See Martinez-Rivera v. Ramos, 498 F.3d 3, 8 (1st Cir. 2007) (The Fifth Amendment Due Process Clause "applies 'only to actions of the federal government--not to those of state or local governments.'") (quoting Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001)). For this reason, his Fifth Amendment claims are dismissed.

(2) First Amendment

Plaintiff's First Amendment claims are dismissed because he has not pled sufficient facts to raise the plausible inference that Defendants retaliated against him for his protected First Amendment conduct. See generally Air Sunshine, Inc. v. Carl, 663 F.3d 27, 37 (1st Cir. 2011) ("[m]ere broad conclusory allegations of wrongdoing in the complaint are not a substitute for a meaningful factual context" (internal quotation marks and corresponding citation omitted)). To prove a First Amendment retaliation claim, Plaintiff must show "(1) he or she engaged in constitutionally protected conduct, (2) he or she was subjected to an adverse action by the defendant, and (3) the protected conduct was a substantial or motivating factor in the adverse action." D.B. ex rel. Elizabeth B. v. Esposito, 675 F.3d 26, 43 (1st Cir. 2012).

Though Plaintiff's complaint need only assert facts that raise retaliation as a plausible motive for his adverse employment action, he nevertheless has not met this standard. Even assuming, arguendo, that Plaintiff has put forth sufficient facts to fulfill the first two requisite prongs,[4] Plaintiff's argument nevertheless fails because he has not asserted sufficient facts to permit the inference that "the protected conduct was a substantial or motivating factor in the adverse action."

---

[4] Plaintiff maintains that "at all relevant times," he engaged in "advocacy on behalf of certain co-employees with age and disability discrimination claims . . . ." (Compl. ¶ 45.) Plaintiff also states the "breach of the agreement on June 24, 2011, to resign in exchange for TEL's agreement of no wrongdoing" constitutes an adverse employment action. (Compl. ¶ 40.)

6

See id.; see generally Gaetani v. Hadley, 2015 WL 113900, at *3-4 (D. Mass. Jan. 8, 2015). Therefore, Plaintiff's First Amendment claims are dismissed without prejudice.

(3) Fourth and Sixth Amendments

Based on the alleged facts, the court is unable to discern how Plaintiff's Fourth or Sixth Amendment rights could have been violated. In any event, Plaintiff does not appear to contest dismissal of his Fourth or Sixth Amendment claims, as he failed to discuss these claims in his memorandum opposing Defendants' motion to dismiss. (Dkt. No. 41, Pltf. Mem.) The court therefore dismisses Plaintiff's Fourth and Sixth Amendment claims.

(4) Substantive Due Process

Even assuming the veracity of all of his factual allegations, Plaintiff has also failed to state a claim upon which relief could be granted for any alleged violation of his substantive due process rights. Substantive due process "claims are limited to government action that, by its very nature, shock[s] the conscience . . . and [are] reserve[d] . . . for truly horrendous situations." Freeman v. Town of Hudson, 714 F.3d 29, 40 (1st Cir. 2013) (internal quotation marks and corresponding citation omitted). The applicable "test is primarily concerned with violations of personal rights [ ] so severe[,] so disproportionate to the need presented, and [ ] so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." Gonzàlez-Fuentes v. Molina, 607 F.3d 864, 881 (1st Cir. 2010) (internal quotation marks and corresponding citation omitted). The allegations put forth by Plaintiff simply do not rise to the requisite level, as the treatment Plaintiff allegedly underwent was not sufficiently severe. See id. The court therefore dismisses Plaintiff's 42 U.S.C. § 1983 claim based on the alleged violation of his Fourteenth Amendment right to Substantive Due Process.

(5) <u>Procedural Due Process</u>

"In order to establish a procedural due process claim under [42 U.S.C. § 1983], a plaintiff must allege first that it has a property interest as defined by state law and, second, the defendants, acting under color of state law, deprived it of that property interest without constitutionally adequate process." <u>Marrero-Gutierrez v. Molina</u>, 491 F.3d 1, 8 (1st Cir. 2007) (internal quotation marks and corresponding citation omitted). This violation "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." <u>Lowe v. Scott</u>, 959 F.2d 323, 340 (1st Cir. 1992) (quoting <u>Zinermon v. Burch,</u> 494 U.S. 113 (1990)).

The court recognizes "the Due Process Clause of the Fourteenth Amendment protects government employees who possess property interests in continued public employment." <u>Maymi v. Puerto Rico Ports Auth.</u>, 515 F.3d 20, 29 (1st Cir. 2008) (internal quotation marks and corresponding citation omitted). Pursuant to a plain reading of the pertinent caselaw on this subject, the court will not apply this doctrine to Plaintiff's expectation of future employment in a new capacity, specifically at the Town of East Longmeadow Police Department. (<u>See,</u> e.g., Compl. ¶ 32 ("Plaintiff was on the top of a list of qualified candidates").) For this reason, Plaintiff's argument fails with respect to the alleged bypass for the police officer position.[5]

Unlike Plaintiff's Procedural Due Process claim stemming from the bypass, Plaintiff has fulfilled the first prong of the applicable test with respect to his right to continued employment at the Town of East Longmeadow DPW. (<u>See</u> Compl. ¶ 46. (Plaintiff could not be terminated without just cause pursuant to his employment contract).) <u>See id.</u> Still, however, "that leaves the more difficult question [at the second prong] whether [plaintiff] was 'deprived' of that interest by some

---

[5] Plaintiff additionally states the "appointing authority" that met to "bypass [him] in absentia" lacked the requisite number of Board Members. (Compl. ¶ 30.) Even assuming Plaintiff is correct in this assertion, this constitutes an issue of state law, and not federal Procedural Due Process.

8

form of state action." Dobelle v. Flynn, 12 F. Supp. 3d 274, 288 (D. Mass. 2014) (brackets in original) (quoting Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172-73 (4th Cir. 1988)).

If a plaintiff-employee "'resign[s] of his own free will even though prompted to do so by events set in motion by his employer, he relinquished his property interest voluntarily and thus cannot establish that the state 'deprived' him of it within the meaning of the due process clause. . . .'" Dobelle, 12 F. Supp. 3d at 288 (quoting Stone, 855 F.2d at 172-73). "If, on the other hand, [plaintiff's] 'resignation' was so involuntary that it amounted to a constructive discharge, it must be considered a deprivation by state action triggering the protections of the due process clause." Dobelle, 12 F. Supp. 3d at 288 (D. Mass. 2014) (quoting Stone, 855 F.2d at 172-73). "To prove constructive discharge, a plaintiff must usually show that her working conditions were so difficult or unpleasant that a reasonable person in [her] shoes would have felt compelled to resign." Lee-Crespo v. Schering-Plough Del Caribe Inc., 354 F.3d 34, 45 (1st Cir. 2003) (bracket in original) (internal quotations and corresponding citation omitted).

Here, Plaintiff concedes in his complaint that he agreed to resign from DPW on June 24, 2011. (Compl. ¶ 23.) Plaintiff has not asserted sufficient facts to plausibly raise the inference that his workplace environment was objectively unbearable to a point at which it would have caused a reasonable employee to feel compelled to resign. See generally Air Sunshine, Inc., 663 F.3d at 37 ("[m]ere broad conclusory allegations of wrongdoing in the complaint are not a substitute for a meaningful factual context" (internal quotations and corresponding citation omitted)).

For these reasons, Plaintiff's 42 U.S.C. § 1983 claim stemming from a violation of his right to Procedural Due Process is dismissed without prejudice.[6]

---

[6] Further, insofar as Defendant contests any previously-litigated aspect of the decision of the Civil Service Commission, he is precluded from doing so. See Tuper v. North Adams Ambulance Serv., 697 N.E.2d 983, 985 (Mass. 1998) ("If the conditions for preclusion are otherwise met, a final order of an administrative agency in an adjudicatory proceeding . . . precludes relitigation of the same issues between the same parties, just as would a final judgment of a court of competent

9

(6) Monnell Claim

In Monell v. Dep't of Soc. Servs., the Supreme Court recognized a cause of action against a municipality which "causes an employee to violate another's constitutional rights." 436 U.S. at 692. Here, since the court has not found any of Plaintiff's constitutional rights to have been violated by any of the named Defendants, municipal or otherwise, it follows that his Monnell Claim must be dismissed as well. See id.

(7) Breach of Contract

Plaintiff also brings a "Breach of Contract" claim (Count II), in which he states (1) "Defendants' [sic.] breached plaintiff's employment contract with [Town of East Longmeadow Department of Public Works] by falsely accusing him of larceny...and causing his termination from employment based upon this false allegation" (Compl. ¶ 56), and (2) "defendants breached plaintiff's negotiated resignation agreement and/or contract with [Town of East Longmeadow Department of Public Works]...where there was no admission of wrongdoing or negative employment discipline, and, defendants breached the [Town of East Longmeadow Department of Public Works] employee handbook contract provision(s) that employees had the right to due process in disciplinary decisions." (Id. ¶ 57). In Plaintiff's memorandum, he asserts this Breach of Contract claim was (at least partially) intended to be a federal Article I, § 10 claim, although it was not labeled as such in the complaint. (Compare Pltf. Mem. 24 with Compl. ¶¶ 55-57.) Even if Plaintiff had adequately identified this federal claim in his complaint, it nevertheless would be dismissed.

---

jurisdiction." (internal quotation marks and corresponding citations omitted)); see also University of Tennessee v. Elliott, 478 U.S. 788, 799 (1986) ("[W]hen a state agency acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's fact-finding the same preclusive effect to which it would be entitled in the State's courts." (internal quotation marks and corresponding citation omitted)). Additionally, to the extent that Plaintiff alleges his injuries have "been caused not by a state law, policy, or procedure, but by a random and unauthorized act that can be remedied by state law, there is no basis for intervention under § 1983, at least in a suit based on" the Due Process Clause of the Fourteenth Amendment. Albright v. Oliver, 510 U.S. 266, 285 (1994) (Justices Kennedy and Thomas, concurring).

"Article I, § 10 of the Constitution provides that 'no State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . .'" Boetti v. Ogden Suffolk Downs, Inc., 587 F. Supp. 1048, 1050 (D. Mass. 1984) (quoting U.S. CONST. art. I, § 10). By its text, this clause only "prohibits impairment of a contract by legislation enacted after creation of the contract." Boetti, 587 F. Supp. at 1050. Therefore, "[t]he [c]lause 'is not directed against all impairment of contract obligations, but only against such as results from a subsequent exertion of the legislative power of the State.'" Id. (quoting Cross Lake Shooting and Fishing Club v. Louisiana, 224 U.S. 632 (1912)). Here, Plaintiff has not alleged that Massachusetts exercised its legislative power to impair the contracts which he claims were breached. For this reason, to the extent Plaintiff asserts a federal "Breach of Contract" claim, it is dismissed.

**B. State Law Claims**

Plaintiff additionally brings several claims arising under Massachusetts law, over which he has requested the court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. See generally Xuncax v. Gramajo, 886 F. Supp. 162, 194 (D. Mass. 1995) ("[W]hen a federal district court has original subject matter jurisdiction over certain claims in an action, the court: 'shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" (quoting 28 U.S.C. § 1367(a) (Supp. May 1992)). The court respectfully declines this request. See Figueroa v. Alejandro, 597 F.3d 423, 431 n.10 (1st Cir. 2010) ("[A] district court has discretion to decline to exercise supplemental jurisdiction after dismissing 'all claims over which it ha[d] original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3)).

For this reason, Plaintiff's remaining state-law claims (listed below) are dismissed without prejudice.

### V.     CONCLUSION

For the reasons set forth above, Plaintiff's federal claims—those alleged civil rights violations falling under 42 U.S.C. § 1983 (Count X), Plaintiff's "Breach of Contract Claim" predicated upon Article I, § 10 of the Constitution (Count II), and Plaintiff's Monnell claim (Count XI)—are dismissed, as the court grants Defendants' Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted. (Dkt. No. 34.) The court dismisses Plaintiff's 42 U.S.C. § 1983 claim stemming from an alleged First Amendment violation, as well as his 42 U.S.C. § 1983 claim stemming from an alleged violation of his right to Procedural Due Process resulting from his cessation of employment with the Town of East Longmeadow, without prejudice. The court further exercises its discretion to dismiss without prejudice Plaintiff's remaining state-law claims: Wrongful Termination (Count I), Breach of Contract (Count II), Mass. Gen. Laws. ch. 258 (Count IV), Defamation (Count X), Common Law Interference with Prospective Economic Advantage (Count VII), Misrepresentation (Count VIII), Violation of the Duty of Good Faith and Fair Dealing (Count IX), Violation of Mass. Gen. Laws. ch. 12 §§ 11h and 11I (Count XIII), Implied Contrast/Promissory Estoppel (Count XIV), Retaliation and Refusal to Hire under MASS. GEN. LAWS. ch. 151B (Count XV), Interference with Rights Under Mass. Gen. Laws. ch. 151B (Count XVI). Finally, in light of this ruling on Dkt No. 34, the court need not rule on Defendant, James Driscoll's motion to dismiss due to insufficient service of process. (Dkt. No. 13.)

The case may now be closed. The clerk shall enter judgment for Defendants.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge